** Summary **
AUTHORIZED EXPENDITURE OF FUNDS BY A PUBLIC TRUST AUTHORITY Under the provisions of 2 O.S. 157.1 [2-157.1] through 2 O.S. 157.9 [2-157.9] (1971), a public trust authority may be created for the purpose of managing county fairgrounds, buildings, equipment and facilities, and for the purposes of conducting annual Agricultural and Industrial Fairs and Expositions. Title 60 O.S. 1971 171.1 [60-171.1] authorizes a public trust authority to engage in any activity or transaction which is expressly authorized in the instrument creating the trust. The instrument creating the Public Trust Authority with which you are concerned expressly authorizes the promotion of annual Agricultural and Industrial Fairs and Expositions. To be valid, an expenditure by a public trust authority must bear a reasonable relationship or be necessary to facilitate the purposes for which the trust was created, in addition to being expressly authorized by the terms of the instrument creating the trust. The relationship to the authorized trust activity must be a reasonable one, as opposed to being a remote or obscure relationship. The question of whether an expenditure by a public trust authority is reasonably related to or necessary to facilitate the purposes for which a trust is created is one to be factually determined by the Office of the State Examiner and Inspector under the procedures established by 74 O.S. 211 [74-211] through 74 O.S. 227.9 [74-227.9] (1971). The Attorney General has received your letter wherein you state that your office has completed an audit of the books and fiscal accounts of one of the Agricultural and Industrial Fairs authorized by Title 2 O.S. 157.1 [2-157.1] through 2 O.S. 157.9 [2-157.9] (1971). You state that the audit discloses expenditure of fair funds for some items for which you find no statutory authority, such as expenses for the promotion of the fair by travel outside the State of Oklahoma. You also note that $10,300.25 was expended for out-of-state travel expenses, including the expenses of Trust personnel and members of the Trust Authority Board for transportation costs, hotel or motel bills, dining and liquor bills, as well as expenses for such things as entering golf tournaments. You also note that one reimbursement was in the amount of $135.75 for liquor, and that $335.83 was expended on bar bills included on lunch tickets and reception expense. You request an official opinion as to whether these expenditures, which were paid from funds of the Trust, are valid. Title 2 O.S. 157.1 [2-157.1] through 2 O.S. 157.9 [2-157.9], among other things, authorize the leasing of designated county property to a public trust authority created for the purpose of managing such property and conducting expositions and fairs. Title 2 O.S. 157.3 [2-157.3] (1971) provides, in part: ". . . Such public trust authority shall have all rights, powers, authority, duties and responsibilities which are now or hereafter provided by general law for the public trust in Oklahoma (60 O.S. 176 [60-176] through 60 O.S. 180.3 [60-180.3] (1961), as amended, and the Oklahoma Trust Act, 60 O.S. 175.1 [60-175.1] through 60 O.S. 175.53 [60-175.53] (1961), as amended) which are not inconsistent with the provisions of this act. . . ." Title 2 O.S. 157.7 [2-157.7] (1971), provides: "The account and books of the trustee authority, including its receipts, disbursements, contracts, mortgages, investments and other matters relating to its finances, operations and affairs shall be examined and audited from time to time by the State Examiner and Inspector as provided by law." (Emphasis added) Title 60 O.S. 177.1 [60-177.1] (1971), provides: "That no public trust shall engage in any activity or transaction that is not expressly authorized in the instruments or articles prescribing its creation except by express consent of the governmental agency or governmental entity that created said public trust." The instrument creating the public trust referred to in your letter was executed on May 19, 1970. Article II of the Declaration of Trust sets out the objects and purposes of the Trust. Article II.1(c) provides: "Conducting annual agricultural and industrial fairs and expositions, including all incidental work of planning, preparing for, promoting and holding all such fairs and expositions." (Emphasis added) Also, on May 19, 1970, the County executed a lease to the Fairgrounds Trust Authority covering certain real property acquired by the County for fair purposes. Article III.1 of the lease instrument provides, in part, as follows: "Lessee shall at all times protect, preserve and promote the subject matter of this lease in the best interest of the beneficiary of said Trust; and shall apply such income from the operation and management of the fairgrounds as may be reasonable and necessary for the continued operation, promotion and growth of the annual Agricultural and Industrial Exposition and Fair." (Emphasis added) The statutes allowing the creation of this type of trust provide that such trust shall have all the rights, powers, authority, duties and responsibilities as are or may be provided for by general law for public trusts in Oklahoma. See 2 O.S. 157.3 [2-157.3] (1971). The general law for public trusts in Oklahoma provides that a trust may be created for any purpose for which a contract may be made (75 O.S. 175.2 [75-175.2] (1971)), and that a public trust may engage in any activity or transaction expressly authorized in the instrument creating the trust (60 O.S. 177.1 [60-177.1] (1971)). Therefore, it appears that the Legislature has authorized a creation of public trusts which may have as one of its purposes the "promotion" of annual county fairs, and has authorized such public trust to engage in any activity or transaction which is expressly authorized in the instrument creating the trust. The "promoting" of the annual Agricultural and Industrial Fair and Exposition is expressly authorized in Article II.1(c) of the Declaration of Trust creating this particular Fairgrounds Trust Authority. From the above, it must be reasonably concluded that some promotional expenditures by the Trust Authority are permissible under the statutes authorizing the creation of such Trust and under the express authorization of the instrument creating the Trust itself. To fully answer your question, one question remains. In addition to the requirements set out above, an expenditure by a fairgrounds trust authority must be reasonably related to the purpose for which the trust was created in order to render the expenditure valid. An activity or transaction of a fairgrounds trust authority may be one which is permissible under the statute creating such trust, and may be expressly authorized by the instrument creating the trust, and still not be valid because it is not reasonably related or necessary to the purpose for which the trust was created. The general rule regarding whether expenditures made by a trust are proper is stated in The Law of Trust and Trustees by Bogert, 801, page 129, as follows: "(W)ith regard to the propriety of incurring expenses a trustee has the power and duty to pay from trust property such expenses as are necessary to enable him to perform the duties placed upon him by the trust instrument, a court order, or by statute . . . The payment for expenses must be reasonably necessary to facilitate the work of the trust. . . ." It is stated in Scott on Trust, 188.1, as follows: "(T)he trustee can properly incur such expenses as are expressly authorized by the terms of the trust and such expenses as, although not expressly authorized, are necessary or appropriate to carry out the purposes of the trust and not forbidden by the terms of the trust." The question of whether a particular expenditure (such as liquor expenses or golf tournament fees) is reasonably related or necessary to carry out the purpose for which the trust was created, is a question of fact to be determined by your office under the duties and powers prescribed by 74 O.S. 211 [74-211] through 74 O.S. 227.9 [74-227.9] (1971). These statutes make it the duty of and authorize the State Examiner and Inspector to examine and report upon the books and financial accounts of the several public, educational, charitable, penal and reformatory institutions of the State; to prescribe and enforce correct methods of keeping financial accounts of state institutions; instruct the proper officers thereof in the performance of their duties concerning the same; and to examine the books and accounts of all public institutions under the control of the State at least once each year. The statutes also provide that any officer of such public, charitable, penal and reformatory institution who shall refuse or willfully neglect to comply with such direction of the State Examiner and Inspector within a reasonable time as prescribed by the Examiner and inspector shall be guilty of a misdemeanor. Title 74 O.S. 215 [74-215] (1971), provides that all officers of the State and counties of the State and all officers and employees of other institutions mentioned in the article, must make written exhibits to the Examiner and Inspector under oath in such form and in such manner as he may prescribe, or be guilty of a misdemeanor for failure or refusal to do so. It also provides that the State Examiner and Inspector shall have full power and authority for the various purposes named, to examine books, papers, accounts, bills, vouchers and any other documents, or property of any or all of the aforesaid state institutions, state officers and custodians of any county or state funds, and also examine under oath, county or state officers and custodians of county or state funds. In this regard, the State Examiner and Inspector is empowered to issue subpoenas and administer oaths in the performance of his duties, and any persons refusing access to the Examiner to any such books or papers, or any officer, clerk, employee, or other person, who obstructs access and refuses to search for any required information, or who in any manner hinders the examination of the records, and books of the officers of public institutions, shall be deemed guilty of a misdemeanor. The question of whether the trustees of public trusts are state agencies, and therefore, subject to the auditing provisions as provided by law to be performed by the State Examiner and Inspector, is answered by the provisions of 60 O.S. 179 [60-179] (1971), which provides in part as follows: "The trustee, or trustees, under such an instrument or will shall be an agency of the State and the regularly constituted authority of the beneficiary for the performance of the functions for which the trust shall have been created. . . ." The statutory auditing requirement contained in 2 O.S. 157.7 [2-157.7] reflects a legislative policy that such trusts are to be publicly accountable for expenditures made by its personnel. It is difficult to justify the necessity of a public trust authority to promote an agricultural and industrial fair in Oklahoma by expending public funds for liquor or golf tournament fees, whether in or outside the State. Under the law you are required to determine that expenditures are, as a matter of fact, consistent with governmental purposes. Absent a satisfactory justification to you by the trustees or other Trust officials that the expenditures were reasonable and necessary for carrying out the trust purposes, you should recommend the monies be returned. It is the opinion of the Attorney General that your question be answered in the following manner. Under the provisions of 2 O.S. 157.1 [2-157.1] through 2 O.S. 157.9 [2-157.9] (1971), a public trust authority may be created for the purpose of managing county fairgrounds, buildings, equipment and facilities, and for the purposes of conducting annual Agricultural and Industrial Fairs and Expositions. Title 60 O.S. 171.1 [60-171.1] (1971) authorizes a public trust authority to engage in any activity or transaction which is expressly authorized in the instrument creating the trust. The instrument creating the Public Trust Authority with which you are concerned expressly authorizes the promotion of annual Agricultural and Industrial Fairs and Expositions. To be valid, an expenditure by a public trust authority must bear a reasonable relationship or be necessary to facilitate the purposes for which the trust was created, in addition to being expressly authorized by the terms of the instrument creating the trust. The relationship to the authorized trust activity must be a reasonable one, as opposed to being a remote or obscure relationship. The question of whether an expenditure by a public trust authority is reasonably related to or necessary to facilitate the purposes for which a trust is created is one to be factually determined by the Office of the State Examiner and Inspector under the procedures established by 74 O.S. 211 [74-211] through 74 O.S. 227.9 [74-227.9] (1971). (Odie A. Nance)